UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adam Potter, | Court File No. 21-cv-00668 (MJD/LIB) |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT WITH JURY DEMAND |
| Narveson Management, Inc., | |
| Defendant. | |

## INTRODUCTION

1. This is an action for money damages and declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA).

2. It is alleged that the Defendant unlawfully discriminated against Plaintiff under the ADA and MHRA when Defendant's staff refused Plaintiff access to Defendant's business and provided Plaintiff unequal and substandard service as compared to other similarly situated customers, all because of Plaintiff's disability and Plaintiff's attempts to access Defendant's business with a service dog.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Adam Potter is an individual person and was at all material times a resident of the State of Minnesota and of full age.

6. Defendant Narveson Management, Inc., is a Minnesota business entity and is registered as such with the Minnesota Secretary of State. Defendant Narveson Management, Inc., owns, and/or manages, and/or operates the Leisure Suites – Breezy Point Resort, located at 30199 County Rd. 4 North, Breezy Point, MN 56472.

## FACTS

7. Plaintiff Adam Potter resides in Hastings, MN, with his wife and children.

8. Mr. Potter is a military combat veteran. He served 5 ½ years in the Army and was deployed twice, fist to Afghanistan and then to Iraq. During his Army deployments, Mr. Potter conducted hundreds of patrols, raids and other missions.

9. While serving in Iraq, Mr. Potter was involved in numerous missions that resulted in horrific injuries and casualties. Mr. Potter lost his best friend in a land mine explosion in Iraq. He lost another friend in a helicopter crash, and his platoon was the first to respond to the crash scene. During the rescue efforts, Mr. Potter personally removed his deceased friend from the wrecked helicopter and placed him in a body bag. These were just several of many disturbing events Mr. Potter experienced while serving in a war zone.

10. Mr. Potter was honorably discharged in January of 2008, at which time he returned home to Minnesota. Later that same year, Mr. Potter was diagnosed with PTSD, stemming directly from the horrors and loss he experienced during his Army service. Mr. Potter's symptoms include anxiety, panic attacks, mood swings, flashbacks, and nightmares. Mr. Potter's panic attacks and mood swings are often triggered by stressful events associated with daily life and can strike at anytime. Mr. Potter is under the medical and psychological care of the Minneapolis VA Health Care System. Mr. Potter continues to struggle with his PTSD symptoms on a daily basis.

11. In 2018, due to his continued struggles, Mr. Potter started to research and consider other alternatives for coping with PTSD symptoms. As part of his research, Mr. Potter learned that service animals, and specifically service dogs, have offered substantial assistance to other military veterans struggling with PTSD-related challenges. Mr. Potter has had dogs at various parts throughout his life and, based on his research, he determined that a service dog would likely be very helpful with managing his panic attacks and mood swings. Mr. Potter discussed this issue with his VA psychologist. In December of 2018, Mr. Potter's psychologist expressed support for Mr. Potter's idea and provided written documentation confirming as such.

12. Having consulted with his psychologist, Mr. Potter made contact with "Soldier's 6," which is a Minnesota nonprofit organization that provides specially-trained service dogs for honorably discharged veterans, police officers, and fire fighters. After reviewing Mr. Potter's credentials and his psychologist's recommendation, Soldier's 6 agreed to provide Mr. Potter a service dog specifically trained to assist individuals suffering from PTSD.

13. In July, 2020, Soldier's 6 provided Mr. Potter a dog named "Breezer." Breezer is a yellow Labrador Retriever who started his career as a Minnesota Wild pup in 2019. In 2020, Soldier's 6 recovered Breezer from the Minnesota Wild and submitted him to a professional dog trainer where Breezer was specially trained to provide assistance with daily life challenges for veterans suffering with combat-related PTSD. Once his training was completed, Soldier's 6 transferred Breezer to Mr. Potter.

14. Breezer assists Mr. Potter with daily life activities related to his PTSD symptoms by providing warnings of oncoming PTSD/panic attack episodes and assisting Mr. Potter in minimizing the severity of PTSD symptoms. Since acquiring Breezer, Mr. Potter has noticed a reduction in the frequency and severity of his PTSD symptoms.

15. In late December, 2020, Mr. Potter and his wife decided to take a short family vacation to a Minnesota resort to relax and spend some time with their children away from home. Mr. Potter's in-laws had available timeshare at Defendant's Leisure Suites – Breezy Point Resort and offered Mr. Potter and his family access to their timeshare for the period of January 2 – January 9, 2021. Mr. Potter's father-in-law initially contacted Defendant to make a reservation for Mr. Potter and his family, which was not an issue for Narveson Management and its staff. However, just as a courtesy, Mr. Potter's father-in-law also advised Narveson Management staff that Mr. Potter is a disabled Army veteran who has a service dog and that he will be staying at the resort with his service dog. Narveson Management staff then requested to know why Mr. Potter has a service dog, and Mr. Potter's father-in-law explained that Mr. Potter suffers from PTSD. Narveson Management staff then advised Mr. Potter's father-in-law that Mr. Potter would not be allowed on the property with Breezer because

Breezer is an "emotional support" animal which are not allowed on the property. Mr. Potter's father-in-law attempted to reason with Defendant's staff, but to no avail.

16. After speaking with Narveson Management staff, Mr. Potter's father-in-law advised Mr. Potter that Narveson Management will not permit him onto their Leisure Suites property with Breezer because Narveson Management has decided to classify Breezer as a prohibited "emotional support" dog. Mr. Potter then called Narveson Management himself and spoke to its staff by phone. Mr. Potter explained that he is a disabled veteran, that he suffers from PTSD, and that Breezer is a service dog specifically trained to assist Mr. Potter with his daily life struggles associated with PTSD. Narveson Management staff told Mr. Potter the same thing they told his father-in-law, which was that PTSD is an emotional issue which makes Breezer a prohibited "emotional support" dog. Narveson Management staff explained that "emotional support" dogs are not allowed onto their property and confirmed that Mr. Potter was not allowed to bring Breezer to the resort.

17. Mr. Potter then reached out to Soldier's 6 hoping that the organization would reach out to Defendant and help convince its staff that Breezer was not an "emotional support" dog and that Narveson Management's refusal to allow Mr. Potter onto its property was an unlawful and discriminatory act.

18. On January 1, 2021, Ed Abrahamson, who is the President and founder of Soldier's 6, called Narveson Management and attempted to speak with its staff about its refusal to allow Breezer onto its property as well as its erroneous classification of Breezer as an "emotional support" dog. Mr. Abrahamson attempted to politely educate Narveson Management staff about the ADA's provisions pertaining to service animals and mediate Mr. Potter's situation. However,

Narveson Management staff rudely interrupted Mr. Abrahamson, told him, "This is none of your business," and "I'm done talking," and hung up on Mr. Abrahamson.

19. Mr. Abrahamson reported his failed attempt to discuss the matter with Narveson Management to Mr. Potter, at which time Mr. Potter and his family determined that there was nothing else they could do and terminated their attempts to make a reservation at Defendant's Leisure Suites resort. As a result of Defendant's actions, Mr. Potter and his family were denied service and access to Defendant's resort and had to make other accommodations for their family vacation.

20. As a result of the Defendant's actions, Mr. Potter suffered shame, humiliation, embarrassment, emotional/psychological trauma, anguish, and distress, including depressed mood, stress, worry, anxiety, and diminished quality and enjoyment of life.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 12182 – ADA PUBLIC ACCOMMODATIONS DISCRIMINATION

21. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

22. Plaintiff is an individual with a "disability" as defined under 42 U.S.C. § 12102.

23. Defendant's Leisure Suites – Breezy Point Resort is a place of "public accommodation" as defined under 42 U.S.C. § 12181. Defendant owns, and/or leases (or leases to), and/or operates the Leisure Suites – Breezy Point Resort.

24. Based on the above factual allegations, Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation of the ADA when it denied Plaintiff access to its resort with his service dog Breezer and denied Plaintiff's request for a reasonable accommodation.

25. As a result of these violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: MINN. STAT. § 363A.11 – MHRA PUBLIC ACCOMMODATIONS DISCRIMINATION

26. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

27. Plaintiff is an individual with a "disability" as defined under Minn. Stat. §363A.03.

28. Defendant's Leisure Suites – Breezy Point Resort is a "place of public accommodation" as defined under Minn. Stat. §363A.03.

29. Based on the above factual allegations, Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation of the MHRA when it denied Plaintiff access to its resort with his service dog Breezer and denied Plaintiff's request for a reasonable accommodation.

30. As a result of these violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: MINN. STAT. §§ 363A.09 AND 363A.10 – REAL PROPERTY DISCRIMINATION

31. Paragraphs 1 through 20 are incorporated herein by reference as though fully set forth.

32. Based on the above factual allegations, Defendant discriminated against Plaintiff on the basis of his disability in violation of the MHRA when it denied Plaintiff access to its resort with his service dog Breezer and denied Plaintiff's request for a reasonable accommodation.

33. As a direct and proximate result of this discrimination, Plaintiff suffered damages as aforesaid.

## **RELIEF REQUESTED**

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendant, finding that Defendant discriminated against Plaintiff in violation of the ADA and MHRA and that Defendant is liable to Plaintiff for all damages resulting from these violations.

b. Award of compensatory damages to Plaintiff against Defendant.

c. Award of punitive damages to Plaintiff against Defendant.

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 12205 and Minn. Stat. § 363A.33.

e. A declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that (1) Defendant unlawfully discriminated against Plaintiff in violation of the ADA and MHRA and (2) Defendant's policies, practices, procedures, and training of employees, specifically pertaining to rights of disabled individuals with service animals, are inadequate and in violation of the ADA and MHRA.

f. A permanent injunction, ordering Defendant as follows: (1) to immediately terminate any and all forms of discrimination against disabled individuals with service animals; (2) to develop and provide proper training for Defendant's employees on ADA public accommodations disability discrimination provisions; (3) to require each current and future employee to read and acknowledge understanding of ADA's 2010 Revised Requirements for Service Animals, attached hereto as Exhibit 1; and (4) to require Defendant to display, for a period of 12 consecutive months, a visible and conspicuous sign, on the primary public entrance to its resort, stating as follows: "Service Animals are Allowed in this Facility."

g. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

                                              THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: April 30, 2021                      By: s/ Zorislav R. Leyderman
                                                  ZORISLAV R. LEYDERMAN
                                                  Attorney License No. 0391286
                                                  Attorney for Plaintiff
                                                  The Law Office of Zorislav R. Leyderman
                                                  222 South 9th Street, Suite 1600
                                                  Minneapolis, MN 55402
                                                  Tel: (612) 876-6626
                                                  Email: zrl@ZRLlaw.com